[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13041

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEVAUNO TEEJAY COLLINS,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:18-cr-00003-JDW-PRL-1

_____

Before WILLIAM PRYOR, Chief Judge, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Jevauno Collins, a federal prisoner, appeals *pro se* the denial of his motion to modify his sentence. More than two years after the district court sentenced Collins to 132 months of imprisonment for assaulting and stealing a parcel from a mail carrier, 18 U.S.C. § 2114(a), and for carrying and brandishing a firearm during a crime of violence, *id.* § 924(c)(1)(A)(ii), he sought credit for time he had served in state custody before being sentenced. The district court ruled that it lacked jurisdiction to correct Collins's sentence, Fed. R. Crim. P. 35(a), and that he had not exhausted administrative remedies to obtain relief by means of a writ of habeas corpus, 28 U.S.C. § 2241, and Collins does not challenge those adverse rulings on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.2008). The district court also ruled that it lacked authority to award Collins credit for time served. 18 U.S.C. § 3585(b). We affirm.

The district court did not err. Section 3583(b) states that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." *Id.* "By using . . . verbs in the past and present perfect tenses, Congress . . . indicated that computation of the credit must occur after the defendant begins his sentence."

21-13041              Opinion of the Court                3

*United States v. Wilson*, 503 U.S. 329, 333 (1992). And because "the Attorney General, through the [Bureau of Prisons], has the responsibility for administering the sentence," the Attorney General must determine the amount of the credit "as an administrative matter when imprisoning the defendant." *Id.* at 335; *see United States v. Alexander*, 609 F.3d 1250, 1259 (11th Cir. 2010). So the district court could not determine, in the first instance, whether to credit Collins for time he served in state custody before sentencing.

We **AFFIRM** the denial of Collins's motion.